IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIDS R KIDS INTERNATIONAL, INC., a Georgia corporation, : : | |
| Plaintiff, : : | |
| v. : : | CIVIL ACTION NO. 1:05-CV-1130-JOF |
| PROGRESSIVE CHILD CARE SYSTEMS, INC., a Texas corporation, and KARRY L. DUNN, a citizen and resident of Texas, : : : : : | |
| Defendants. : | |

## OPINION AND ORDER

This matter is before the court on Defendants' motion to dismiss for lack of personal jurisdiction [4-1], motion to stay [4-2], motion to transfer case [4-3], motion to dismiss counts III and IV [5-1] or motion for a more definite statement [5-2], Plaintiff's motion to strike initial disclosures [15], and motion to expedite discovery on the issue of personal jurisdiction [17].[1]

---

[1] Although Defendants filed a motion to transfer the case to the Eastern District of Texas, they have failed to give the court any briefing in support of this motion. Therefore, Defendants' motion to transfer the case is DENIED. The court GRANTS Plaintiff's motion to strike [12] initial disclosures.

**I.     Statement of the Case**

    **A.     Procedural History**

On April 12, 2005, Plaintiff, Kids 'R' Kids International, Inc. ("KRK"), filed this action alleging tortious interference with contractual relations, tortious interference with current and prospective business relations, libel, and slander, against Defendants, Progressive Child Care Systems, Inc. ("Progressive"), and Karry L. Dunn ("Dunn"), in the State Court of Gwinnett County. On April 28, 2005, Defendants removed this action to federal court. On May 11, Defendants filed their motions to dismiss, to stay, to transfer, and for a more definite statement. On June 16, Plaintiff filed a motion to strike [12] its initial disclosures. The same day Plaintiff filed a motion to expedite discovery on the issue of personal jurisdiction.

**B.     Facts**[2]

Plaintiff, a Georgia corporation, is engaged in the franchising of child care centers across the United States. Defendant Progressive is a Texas corporation with its principal place of business in Collin County, Texas. Defendant Dunn, the president and co-owner of Defendant Progressive, is a citizen and resident of Texas. In 1996, the parties entered into a franchise agreement whereby Defendants would operate a KRK childcare center in Plano, Texas. In 1999, the parties entered into a second franchise agreement whereby Defendants would operate another KRK childcare center in Plano, Texas.

At some point the relationship soured, and on October 3, 2003, Plaintiff brought a lawsuit against Defendants in Texas state court (hereinafter the "Texas Lawsuit"). On March 9, 2005, Plaintiff amended its Texas complaint. In the Texas Lawsuit Plaintiff is (1) requesting an interlocutory injunction and permanent injunction,[3] (2) seeking damages for

---

[2] The facts recounted below observe the principles set forth by the Eleventh Circuit, instructing that when an evidentiary hearing is not held, the
> plaintiff must establish a prima facie case of personal jurisdiction over a nonresident defendant. A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict. The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits. Finally, where the plaintiff's complaint and the defendant's affidavits conflict, the district court must construe all reasonable inferences in favor of the plaintiff.

*Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 255 (11th Cir. 1996).

[3] In seeking injunctive relief, Plaintiff asked the Texas court to enter interlocutory and later permanent injunctions "enjoining Defendants and their agents and representatives and all persons acting under, or in concert with them, from . . . soliciting other Kids 'R' Kids

breach of contract, (3) seeking damages for breach of personal guaranty, and (4) requesting a declaratory judgment.

Defendants and Defendants' counsel "have contacted numerous franchisees by internet, telephone, and in person in Gwinnett County, Georgia . . . and have solicited them to breach their franchise agreements with Plaintiff or withhold royalty payments to Plaintiff." Cmplt. ¶ 8. Defendants have met with or offered to meet with franchisees in Gwinnett County, Georgia, for these purposes. Cmplt. ¶ 8.

### C.    Contentions

Defendants contend that Plaintiff's complaint should be dismissed because they are not subject to personal jurisdiction in Georgia. Further, Defendants contend that the matter should be stayed because there is a parallel action in state court in Texas and there are "exceptional circumstances" surrounding the two matters. Defendants aver that at least counts III and IV of Plaintiff's complaint should be dismissed because Plaintiff has failed properly to plead a claim of defamation. Finally, Defendants contend that the court should at least require a more definite statement from the Plaintiff concerning its claims so that they may adequately respond.

---

franchises to disclose matters confidential to the franchisee or the franchise as a whole and to otherwise in any manner breach their franchise agreement with Plaintiff . . . ." Plaintiff's Amended Texas Complaint ¶ 21.

Plaintiff responds that its complaint should not be dismissed because Defendants are subject to personal jurisdiction in Georgia under both the Georgia long-arm statute and a constitutional analysis. Plaintiff contends that the case should not be stayed because the two matters are not parallel. Moreover, Plaintiff avers that neither count III nor count IV should be dismissed because it has satisfied the pleading requirements.

## II. Discussion

### A. Personal Jurisdiction

Defendants claim that Plaintiff's complaint should be dismissed because this court lacks personal jurisdiction over them. Where the court does not hold an evidentiary hearing on the matter, Plaintiff must only make a prima facie of jurisdiction. *Francosteel Corp. v. M/V Charm*, 19 F.3d 624, 626 (11th Cir. 1994). A *prima facie* case is established if a plaintiff presents sufficient evidence to defeat a motion for directed verdict. *Id.* A federal court must have both statutory and constitutional authority to assert jurisdiction over a defendant. *See McGee v. International Life Ins. Co.*, 355 U.S. 220 (1957). In analyzing personal jurisdiction, the court must first determine whether a defendant is subject to jurisdiction under Georgia's long-arm statute. If so, the court must then determine if an assertion of jurisdiction would be constitutional. *See Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).

AO 72A
(Rev.8/82)

### 1. Georgia Long Arm Statute

The Georgia long-arm statute, O.C.G.A. § 9-10-91 provides:

A court of this state may exercise personal jurisdiction over any nonresident . . . as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he were a resident of the state, if in person or through an agent, he:
> . . . .
> (2) Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act;

Defendants contend that they are not subject to personal jurisdiction in Georgia because Plaintiff has failed to satisfy the Georgia long-arm statute. Defendants contend that by the language of the statute, they "cannot be subject to suit in Georgia for acts allegedly constituting defamation." With regard to Plaintiff's tortious interference claims, Defendants contend that Plaintiff has failed to establish personal jurisdiction.

In regard to the grant of personal jurisdiction for torts committed within the state under O.C.G.A. § 9-10-91, Georgia courts have held that "[t]he language of the statute is clear, unequivocal and unambiguous in mandating the exclusion of an action predicated on defamation." *Worthy v. Eller*, 265 Ga. App. 487, 488 (2004) (citing *Balmer v. Elan Corp.*, 261 Ga. App. 543, 546 (2003); *Cassells v. Bradlee Mgmt. Svcs.*, 161 Ga. App. 325, 327 (1982)). Therefore, under the Georgia long-arm statute, Defendants are not subject to personal jurisdiction merely by committing the tort of defamation within Georgia.

While the court finds Defendants' analysis of personal jurisdiction with regard to defamation to be accurate, the court finds Defendants' position with regard to Plaintiff's

6

tortious interference claim untenable. Plaintiff has alleged in its complaint specific facts in support of its tortious interference claims. Specifically it stated:

> [u]pon information and belief, Defendants, individually and through their Texas counsel, Myall Hawkins of Jenkins & Gilchrist, P.C., have contacted numerous franchises, by internet, telephone and in person in Gwinnett County, Georgia, and solicited to have them breach their franchise agreements with Plaintiff or withhold royalty payments to Plaintiff. Upon information and belief, Defendants have met with and offered to meet with franchises in Gwinnett County, Georgia for purposes of furthering their tortious scheme.

Cmplt. ¶ 8. This recitation of facts is sufficient to allege that Defendants have committed a tort (other than defamation) within the State of Georgia. Therefore, Plaintiff's allegations satisfy the Georgia long-arm statute.

### 2.   Constitutional Jurisdiction

The court considers two factors when determining whether asserting personal jurisdiction over nonresident defendants would comport with due process.[4]

First, the court must decide whether the defendant has "minimum contacts" with the forum state, Georgia. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-74 (1985). To satisfy minimum contacts for the purposes of specific jurisdiction, the contacts must (1) be related to plaintiff's cause of action; (2) involve some act of "purposeful availment" by the defendant of the privileges of the forum; and (3) be such that the defendant should reasonably

---

[4]Due process contemplates two types of jurisdiction over the person: general and specific jurisdiction. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408 (1984). Plaintiff apparently does not assert that the court would have general jurisdiction over Defendant. Thus, the court's analysis proceeds on the factors of "specific jurisdiction" alone.

7

anticipate being "haled into court there." *Francosteel*, 19 F.3d at 627. *See also Nippon Credit Bank, Ltd. v. Matthews*, 291 F.3d 738, 746-48 (11th Cir. 2002). Second, the court must determine whether the exercise of jurisdiction would offend traditional notions of fair play and substantial justice. *See International Shoe Co. v. Washington*, 326 U.S. 310 (1945).

Here, the court finds that Plaintiff is alleging that the contacts are related to the cause of action. Plaintiff is alleging that Defendants contacted Georgia franchisees by internet, telephone, and in person. Specifically, Plaintiff points to six trips to Georgia, during which Defendants met with certain Georgia franchisees as contacts related to Plaintiff's claims. Second, by entering Georgia and meeting with franchisees affiliated with Plaintiff, as alleged in the complaint, Defendants purposefully availed themselves "of the privilege of conducting activities within the forum . . ., thus invoking the benefits and protections of its laws." *Francosteel*, 19 F.3d. at 627. Finally, as Defendants allegedly physically entered Georgia and allegedly committed torts herein, they should "reasonably anticipate" being haled into court here.

In determining the "fairness and reasonableness of a forum's exercise of jurisdiction, a court must consider, among other things, the burden on the defendant, the interests of the forum . . ., and the plaintiff's interest in obtaining relief." *Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1551 (11th Cir. 1993) (internal quotations and citations omitted). Although there may be some burden in asking a defendant to litigate this case in a foreign state, the

8

Eleventh Circuit has noted that "modern methods of transportation and communication" have greatly reduced such burdens. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 632 (11th Cir. 1996). Further, Georgia does indeed have an interest in adjudicating disputes involving a Georgia resident especially those involving torts allegedly committed within the state. Therefore, the court does not find that this action is one of those rare cases in which the concepts of "fair play" and "substantial justice" would defeat the reasonableness of jurisdiction. Because the court finds that Defendants are subject to personal jurisdiction under Georgia's long-arm statute and the United States Constitution, Defendants' motion to dismiss for lack of personal jurisdiction is DENIED.[5]

### B. Motion to Stay

Defendants next contend that this case should be stayed because of the pending Texas Lawsuit. Their contention that a stay is warranted relies on the abstention doctrine as set forth in *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800 (1976). A stay of federal court proceedings because of a concurrent parallel state court proceeding is appropriate only in exceptional circumstances. *Id.* at 813; *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983); *Lops v. Lops*, 140 F.3d 927, 942-45 (11th Cir. 1998). The Supreme Court has specifically stated that "'the pendency of an action in the state court is no

---

[5] As the court has denied Defendants' motion to dismiss for lack of personal jurisdiction, the court DENIES AS MOOT Plaintiff's motion to expedite discovery on the issue of personal jurisdiction.

9

bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Colorado River*, 424 U.S. at 817 (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)). Federal courts have a "virtually unflagging obligation" to exercise the jurisdiction conferred upon them. *Id.*

The court is not convinced that the Texas Lawsuit and the action before this court are parallel proceedings. Unlike the instant case, the state proceeding deals primarily with the parties' contractual relationship. Moreover, with regard to the Defendants' interactions with the franchisees, Plaintiff is not seeking damages but rather seeks injunctive relief. Specifically, in the Texas case Plaintiff asks the court to enjoin "Defendants and their agents and representatives and all persons acting under, or in concert with them, from . . . soliciting other Kids 'R' Kids franchises to disclose matters confidential to the franchisee or the franchise as a whole and to otherwise in any manner breach their franchise agreement with Plaintiff . . . ."

Here, on the other hand, Plaintiff's claims only deal with Defendants' alleged tortious actions in its dealings with other franchisees. Further, here, Plaintiff is not seeking injunctive relief but rather is requesting damages for violations of Georgia law. The court cannot conclude that the two cases are so similar as to justify the abdication of its "virtually unflagging obligation" to exercise its jurisdiction. Therefore, the court DENIES Defendants' motion to stay.

    **C.**    **Motion to dismiss or motion for a more definite statement**

AO 72A
(Rev.8/82)

Finally, Defendants ask the court to dismiss with prejudice counts III and IV of Plaintiff's complaint. Specifically, Defendants contend that "Plaintiff failed to provide the minimal requirement of pleading by failing to at least plead the substance of the alleged defamatory statement." Def. Mot to Dismiss Counts III and IV at 5.

In diversity actions, state law governs substantive issues, *Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1534 (11th Cir. 1987), while federal law governs pleading requirements, *Caster v. Hennessey*, 781 F.2d 1569, 1570 (11th Cir.1986) (citing *Hanna v. Plumer*, 380 U.S. 460, 465-74 (1965)).

Judge Story was faced with a similar issue in *Banco Surinvest, S.A. v. Suntrust Bank*, 78 F. Supp.2d 1366 (N.D. Ga. 1998) (Story, J.). The court finds his analysis and approach particularly persuasive. In *Banco*, one of the defendants brought a counterclaim for slander alleging that Plaintiff's representative "engaged in a pattern of making slanderous and/or defamatory statements . . . to numerous customers of the [particular defendant] disparaging the integrity of the [defendant], which has proximately resulted in a loss of [defendant's] credibility . . . and has damaged reputations . . . in the Argentinian market and around the world." *Id.* at 1368. In that case the plaintiff moved to dismiss the counterclaim; it argued that the defendant "had failed to state either the substance or the exact form of the alleged defamatory statements and thus failed to plead the claim with particularity as Georgia law requires." *Id.* at 1370.

11

Judge Story noted that "some courts have adopted a stringent approach and required defamatory remarks to be stated verbatim in the complaint." *Id*. Nevertheless, "in the Eleventh Circuit the test remains 'whether the allegation gives the defendant fair notice of the plaintiff's claim and the ground upon which its rests.'" *Id.* (quoting *Caster*, 781 F.2d at 1570). Applying this standard, the court found that the defendant "sufficiently pled a slander counterclaim because the allegations notify [the plaintiff] of the grounds upon which it rests." *Id.* at 1370-71. The court in *Banco* denied the motion to dismiss, but noted that "without a more specific description of the alleged slanderous statements, [the plaintiff] cannot frame a responsive pleading." *Id.* at 1371. For this reason the court granted the plaintiff's motion for a more definite statement pursuant to Rule 12(e).

Here, Plaintiff has alleged in its complaint that "[u]pon information and belief, Defendants have made false, derogatory, disparaging, malicious, and materially inaccurate statements orally and in writing, and spread false innuendo orally and in writing regarding Plaintiff to Kids 'R' Kids franchisees, former franchises, and others in Georgia and elsewhere." Cmplt. ¶ 7. Based on these allegations, Plaintiff contends that Defendants are liable for libel because "Defendants, individually and through their agents, have published, by expressing in print or writing, their false and malicious defamation of Plaintiff," and Defendants are liable for slander because "Defendants, individually and through their agents, have uttered or spoken false and malicious words regarding Plaintiff." Cmplt. ¶¶ 22, 27.

12

Like the defendant's counterclaim in *Banco*, the court finds that Plaintiff has sufficiently pled slander and libel because the Plaintiff's complaint gives Defendant fair notice of Plaintiff's claim and on the ground upon which it rests. Therefore, Defendants' motion to dismiss with prejudice is DENIED. But, again like the counterclaim in *Banco,* the court finds that without a more definite statement concerning the specific slanderous and libelous acts as well as the specific acts which constitute tortious interference, Defendants cannot frame a responsive pleading. Therefore, the court GRANTS Defendants' motion for a more definite statement made pursuant to Rule 12(e).

**III.   Conclusion**

The court DENIES Defendants' motion to dismiss for lack of personal jurisdiction [4-1], DENIES Defendants' motion to stay [4-2], DENIES Defendants' motion to transfer case [4-3], DENIES Defendants' motion to dismiss counts III and IV [5-1] and GRANTS Defendants' motion for a more definite statement [5-2]. The court GRANTS Plaintiff's motion to strike [12] initial disclosures [15], and DENIES AS MOOT Plaintiff's motion to expedite discovery on the issue of personal jurisdiction [17].

**IT IS SO ORDERED** this 21st day of February 2006.

s/ J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)

AO 72A
(Rev.8/82)